Dear Mr. May,
The Attorney General is in receipt of your letter of June 11, 1979, in which you ask, in substance, the following question:
Would the members of the Board of County Commissioners and the DistrictAttorney and/or his Assistant be personally liable under 19 O.S.215.25(f) (1978) if a condemnation suit was filed wherein the Board ofCounty Commissioners had resolved that the cost of litigation, includingdamages to the private property owner, were to be borne by the privatecitizens who had petitioned the Board of County Commissioners to filesaid condemnation suit?
69 O.S. 646 (1971) sets the condemnation procedure to be used by the Board of County Commissioners.
 "The Board of County Commissioners may open, establish or condemn for roads on section lines and may vacate, alter, widen, change or lay out other new roads according to the following procedure:
 "(a) action to locate, alter or vacate a road may be upon a Petition of the Board of County Commissioners signed by at least twelve (12) freeholders residing in the vicinity of the road effected. One or more of such petitioners must execute a bond payable to the county, conditioned to pay the cost of proceedings if the petition be not granted. The petition shall show clearly the location and terminals of the road and shall be promptly considered by the Board of County Commissioners if in proper form. But if the Board concludes upon investigation that the road applied for is unnecessary and impractical then no further proceedings shall be had and the bond of the petitioners shall be liable for any costs accrued . . .
 "(b) the Board shall determine and award the amount of damages to be paid out of the county funds, if there are any such damages sustained by the owner of the land involved, and if such owner actually had notice of the procedure."
19 O.S. 215.25(f) (1976) applies to legal defense services for county officers or employees.
 "any officer or employee who acts outside of the scope of his office of his official authority shall be liable in damages in the same manner as any private citizen."
69 O.S. 646 (1971) allows at least twelve (12) freeholders residing in the vicinity of the road to be condemned to petition the Board of County Commissioners and the petitioners must execute bond payable to the county to pay the costs of proceedings if the petition is not granted. The Board of County Commissioners has the authority and discretion to determine if the road is necessary or impractical and may terminate any further proceedings with the bond of the petitioners being liable for any costs accrued. If the Board determines that the road is necessary and establishes damages then the damages are to be paid out of county funds.
The Board of County Commissioners has the power to condemn roads on section lines and may improve other roads by following the statutory procedure set out above. The Commissioner must determine if the road is necessary and for public purposes (to best serve the most people of the county). Damages paid to the landowner must come from county funds. The landowner whose land is being condemned may have a right to a jury trial concerning his damages and a question of fact to be determined at a point in the judicial process by the Court would be whether the land was condemned for a public or private purpose.
It is, therefore, the opinion of the Attorney General that the Board ofCounty Commissioners and the District Attorney or any of his assistants,if following the statutory procedure for condemn nation and acting withinthe scope of their authority, would incur no liability in acting upon apetition signed by residents adjacent to the proposed road, however,county officials may be subject to damages in a civil action where itwould be a question of fact as to whether the officials were actingoutside the scope of their authority.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
VICTOR G. HILL, JR., ASSISTANT ATTORNEY GENERAL